UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| Jinyoung Lee | * |
| A-099-990-914 | * |
|             Plaintiff, | * |
| | * |
|   -against- | * |
| | * |
| | * |
| Emilio T. Gonzalez, Director | * |
| U. S. Citizenship and | * |
|    Immigration Services | * |
| 425 Eye St. N.W. | * |
| Washington D.C. 20536; | * |
| | * |
| Evelyn Upchurch, Director | * |
| Texas Service Center | *   No.: **08cv01022** |
| U.S. Citizenship and | * |
|    Immigration Services | *   **(PKC)** |
| | * |
| Michael Mukasey, Attorney General | *   **ECF CASE** |
| Of the United States | * |
| | * |
| Robert S. Mueller, III, Director of | * |
| Federal Bureau of Investigation | * |
| | * |
| Mark J. Mershon, | * |
| Assistant District Director | * |
| New York FBI New York Field Office | * |
| | * |
|            Defendants. | * |

_____

## COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF

This complaint seeks an order commanding the defendants to adjudicate the plaintiff's I-485 application within a reasonable time after the filing of this

complaint.    The Defendants have violated this ministerial and non-discretionary duty to adjudicate plaintiff's application within a reasonable period of time.    The plaintiff seeks the following relief: (1) Mandamus relief under 28 U.S.C. § 1361, which is invoked to compel an officer or employee of the INS or another governmental agency to perform a non-discretionary duty owed to a party; and/or (2) Mandatory injunction pursuant to the Administrative Procedures Act ("APA)", 5 USC § 706(1), pursuant to which this court may compel agency action unreasonably withheld or delayed, and/or (3) Declaratory relief pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

## I.    INTRODUCTION

1.    This is a petition for a statutory relief pursuant to law including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.).    This action challenges the unreasonable delay in adjudicating of Plaintiff's employment-based Adjustment of Status Application (Form I-485), which has been pending before Texas Service Center of the United States

Citizenship and Immigration Services (USCIS) since October 2, 2006.

## II.  JURISDICTION

2.   This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising thereunder. See, e.g., Bracey v. Board of Education, 368 F.3d 108 (2nd Cir., 2003); Cordoba v. McElroy, 78 F. Supp.2d 240 (S.D.N.Y., Kaplan, J.). An action is deemed to arise under federal law where "the statute creates or is a necessary element of the cause of action or the plaintiff would prevail if the statute were construed in one way and lose if it were construed another." Id.  This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. §§ 551, 701 et seq. (Administrative Procedures Act).  A federal question is presented here as plaintiff's cause of action here is based wholly on rights

created by federal statutes, to wit, the Immigration and Nationality Act and the Administrative Procedures Act ("APA"), and whether plaintiff will prevail depends wholly on how relevant provisions of those statutes are interpreted.    Specifically, the Federal question herein arises under the following Federal Statutes:

- 8 USC § 1255 provides that qualified aliens may apply for Lawful Permanent Residence.

- Although § 1255 leaves the decision whether to grant Permanent Residence at the discretion of the government, that statute implicitly imposes on the government the non-discretionary duty to render decisions on applications in a timely and orderly manner.

- 5 USC § 555(b) (APA) affirmatively imposes on all federal administrative agencies the duty to take action within a reasonable amount of time.

- 5 USC § 706(1) (APA) authorizes the courts to compel agency action unreasonably withheld by administrative agencies, such as compelling defendants to employ the proper procedures which were not employed in this case.

### III.    VENUE

3.    Pursuant to 28 U.S.C. § 1391(e)(3) venue is proper in this judicial district, because Defendants operate within this district, the substantial part of events giving rise to this action occurred within the district, and plaintiff resides at 510 West 53rd Street #620, NY 10019, an address that is located within the Southern District of New York.

### IV.  PARTIES

4.    Plaintiff Jinyoung Lee (Alien Number 099-990-914) is a native and citizen of South Korea who resides at 410 West 53rd Street, Apt 620, New York, NY 10019.  In October of 2006, Ms. Lee filed an application for adjustment of status (Form I-485) to become a US permanent resident with the USCIS Texas Service Center concurrently with a Form I-140 petition for alien worker submitted by Ms. Lee's employer on her behalf.  The Form I-140 petition was approved in November 2006, but the Form I-485 application to adjust status is still pending as of today.

5.    Respondent Emilio T. Gonzalez is the Director of the U. S. Citizenship and Immigration Services. Pursuant *inter alia*, to 8 U.S.C. § 1103, he is charged with, among other matters, administering the USCIS by implementing and enforcing the Immigration and Nationality Act. As such, he

has decision-making authority over the matters alleged in this Complaint.

6.     Respondent Evelyn Upchurch is the Director of the Texas Service Center of USCIS of the DHS. In her capacity as the Director of the Texas Service Center, USCIS, Ms. Upchurch is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, she has decision-making authority over the matters alleged in this Complaint.

7.     Respondent Michael Mukasey is the Attorney General of the United States. Pursuant, inter alia, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

8.     Respondent Robert S. Mueller, III is the Director of Federal Bureau of Investigation. He is the ultimate decision-making authority over the plaintiff's pending name check clearance as alleged in this Complaint.

9.     Respondent Mark J. Mershon is the Assistant District Director of the New York District of Federal Bureau of Investigation.  He has the decision making

authority over the plaintiff's pending name check clearance in the district where the plaintiff resides.

### V.   STATEMENT OF FACTS

10.   Plaintiff, Jinyoung Lee, submitted Form I-485 Adjustment of Status Application to become a permanent resident of the United States with Texas Service Center of USCIS, located in Mesquite, Texas.   On October 2, 2006, USCIS acknowledged receipt of this application through its I-797C notice, attached as **EXHIBIT A**.

11.   Plaintiff's employment-based I-485 application was filed along with Form I-140 immigrant petition for alien worker submitted by her employer on her behalf as a member of profession with advanced degree or exceptional ability which was approved on November 17. A copy of the I-797A approval notice is provided in **EXHIBIT B**.

12.   An immigrant visa was immediately available to the Plaintiff at the time that the I-485 Application was filed and a visa number continues to be available at the time of filing this Complaint.

13.   Following the submission of I-485 application, Petitioner was requested to provide and actually provided fingerprints for security checks on October 23, 2006.

14.    USCIS publishes processing dates every month online                                           at: https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=TSC. The Texas Service Center is currently processing employment based Form I-485 Application to Adjust Status filed on May 24, 2007 (**EXHIBIT C**). Plaintiff submitted her application in October 2, 2006, more than *8 months earlier* than current published processing time.

15.    Concerned about her application, Plaintiff made several telephonic inquiries through USCIS' National Customer Service Center. Plaintiff also filed a case liaison inquiry through the American Immigration Lawyers Association on October 18, 2007. A response from the USCIS Texas Service Center was received on October 31, 2007, stating that the case was "*pending due to the FBI name check.*" (**EXHIBIT D**).

16.    Plaintiff made further efforts to get a status of her application and find out a reason for a delay in adjudication of her application. Specifically, Plaintiff contacted the Office of her Senators, made multiple further inquiries to the USCIS, and also made an official Freedom of Information Act/Privacy Act (FOIA/PA) request with the Federal Bureau of Investigations. The FBI reply, dated November 16, 2007, stated that FBI has no records

pertaining to Ms. Lee: "*No records responsive to your FOIA/PA request were located by a search of the automated indices*." (**EXHIBIT E**).

17.    Since the time of the Plaintiff submitted Form I-485, neither the plaintiff nor her attorneys have heard anything from USCIS regarding the status of the application, despite several inquiry letters directed to USCIS.

18.    As of January 28, 2008, *483 days (1 year 4 months) after submitting all documents to USCIS*, no resolution on Plaintiff's application has been reached so she is filing present Complaint with the Southern District Court. In light of how unreasonably long this case has been pending, the Plaintiff is entitled to have his application adjudicated as quickly as possible

19.    Section 202 (8 U.S.C. § 1571) of the Title II of the American Competitiveness in Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating: "…It is the sense of Congress that the processing of an immigration benefit application should be completed not later than **180 days** after the initial filing of the application."

20.   The Congress also classified employment-based adjudications pending 180 days or more as "long delayed" in Section 106 (8 U.S.C. § 1154 (g)) of the AC21. It is clear that when Congress created employment-base adjustment of status procedure, its intention was that it should not take longer than 180 days.  Plaintiff has been waiting for *483* days.

21.   Defendants are also required by 5 U.S.C. § 555(b) "within a reasonable time … to conclude a matter presented…"


## VI.   GROUNDS FOR RELIEF

22.   Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Plaintiff's application for permanent residency in a timely manner.

23.   Defendant USCIS' duty to process and adjudicate Plaintiff's application "within a reasonable time" is a non-discretionary duty mandated by federal and judicial precedent.

24.   Defendant USCIS' conduct in failing to process Plaintiff's application and adjudicate her case in a reasonably timely manner has caused unnecessary and injurious delays to Plaintiff, in violation of her rights.

25.    Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.


**Count I.**
**Mandamus Action**
**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

26.    Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

27.    Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

28.    Defendants bear sole responsibility for timely adjudication of I-485 Adjustment of Status application and for orderly attendant procedures.

29.    Defendants have failed to discharge their mandated duties.

30.    As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.

31.    Plaintiff has exhausted all possible administrative remedies and there exists no other adequate remedy.

32. Strong humanitarian factors favor granting of Mandamus relief.

### Count II.
### Administrative Procedures Act
### 5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)

33. By failing to render timely decision on Petitioner's application, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. The delay in this instant case is not judicially unmanageable as the USCIS failed to achieve a concrete goal – to issue a decision upon an application and violated the APA provision to do so within a reasonable time. 5 U.S.C. § 555(b). This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed." The Defendants required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide the Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

### Count III.
### Administrative Procedures Act
### 5 U.S.C. § 701 et seq. and 8 C.F.R. §103.2(b)(18)

34.  Plaintiff  incorporates  all  allegations  made hereinabove that are pertinent to this Court.

35.  The  Code  of  Federal  Regulations  establishes conditions under which the adjudication of the Plaintiff's application  can  be  withheld.  Specifically,  8  C.F.R.  § 103.2(b)(18) provides that USCIS may withhold adjudication for a limited period of time if USCIS is conducting an investigation. The regulation provides for specific time limits for the investigation and further provides that the investigation be conducted by specific USCIS officials and that the progress of the investigation must be reviewed by specific  higher  level  USCIS  officials  within  a  specific timeframe. Included among the USCIS officials that must participate in review of the progress of the investigation are  the  USCIS  District  Director,  the  USCIS  regional commissioner, the Associate Commissioner for Examinations, and the Associate Commissioner for Enforcement.

36.  These procedures have not been followed, since no investigation at all is being conducted by USCIS; rather, USCIS is awaiting the results of a name check from the FBI.

37.  Therefore, the USCIS have violated the Federal regulations and "unlawfully withheld" adjudication of the legal  alien's  application.  Furthermore,  8  C.F.R.  § 103.2(b)(18)  is  not  part  of  the  Subchapter  II  of  the

Chapter 12 of the INA, therefore jurisdictional bar of the INA § 242(a)(2)(B)(ii) does not preclude review of the withholding of adjudication. Thus, this Court has the power to grant a relief under 5 U.S.C. § 706(1) and to compel the USCIS to perform agency action "unlawfully withheld".

38.    Defendants have failed to discharge their mandated official duties.

39.    As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.

**Count IV.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R.**
**§103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

40.    Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

41.    Plaintiff contend that Defendants' actions and decisions relating to delays in I-485 Adjustment of Status adjudication and attendant procedures are unconstitutional, violate the INA and the applicable regulations, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

42.    Defendants have failed to discharge their mandated official duties.

43.    As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.


**Count V.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**


44.    Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

45.    If prevails, Plaintiff will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.


**VII. EXHIBITS**


EXHIBIT A        I-797C Receipt Notice for I-485

EXHIBIT B        I-797A Approval Notice for I-140

EXHIBIT C        USCIS Current Processing Date for Texas
                 Service Center

EXHIBIT D        Correspondence AILA Liaison Inquiry on
                 Pending FBI Security Check

EXHIBIT E        Letter from FBI on FOIA inquiry

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the honorable Court grant the following relief:

i.    Assume jurisdiction over this cause;

ii.   Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;

iii.  Compel Defendants and those acting under them to perform their duty to adjudicate plaintiff's application for permanent residency expeditiously and within a reasonable time;

iv.   Grant attorneys fees and costs of court;

v.    Grant such other and further relief this Court deems just and appropriate.


Respectfully submitted,

        /s/
Daniel Shabasson **DS5740**
POLLACK, POLLACK, ISAAC
& DECICCO
225 Broadway, Suite 307
New York, NY 10007
(212) 233-8100
DSS@PPID.COM

Dated:    New York, NY
          January 30, 2008

**VERIFICATION**

Pursuant to 28 U.S.C. § 2242, the undersigned certifies under the penalty of perjury that he has reviewed the foregoing petition/complaint and that the facts stated therein concerning Petitioner/Plaintiff are true and correct. _____

      /s/
Daniel Shabasson, Esq.

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>SRC-07-003-52695 | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|
| RECEIVED DATE<br>October 2, 2006 | PRIORITY DATE | APPLICANT  A099 990 914<br>LEE, JINYOUNG |
| NOTICE DATE<br>October 5, 2006 | PAGE<br>1 of 1 | |

| | |
|---|---|
| JINYOUNG LEE<br>305 W 50TH ST APT 17M<br>NEW YORK NY 10019 | Notice Type:  Receipt Notice<br><br>Amount received: $ 395.00<br>Section: Adjustment as direct<br>            beneficiary of immigrant<br>            petition |

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

**If this receipt is for an I-485, or I-698 application**
USCIS WILL SCHEDULE YOUR BIOMETRICS APPOINTMENT. You will be receiving a biometrics appointment notice with a specific time, date and place where you will have your fingerprints and/or photos taken. You MUST wait for your biometrics appointment notice prior to going to the ASC for biometrics processing. This I-797 receipt notice is NOT your biometrics appointment notice and should not be taken to an ASC for biometrics processing.

**WHAT TO BRING TO YOUR BIOMETRICS APPOINTMENT-**
Please bring your biometrics appointment letter (with specific time, date and place where you will have your fingerprints and/or photo taken) AND your photo identification to your biometrics appointment.
Acceptable kinds of photo identification are:
- a passport or national photo identification issued by your country,
- a drivers license,
- a military photo identification, or
- a state - issued photo identification card.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
**Customer Service Telephone: (800) 375-5283**





Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797 Notice of Action**

UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>SRC-07-003-52679 | CASE TYPE    I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
| RECEIPT DATE<br>October 4, 2006 | PRIORITY DATE<br>July 11, 2006 | PETITIONER<br>POLLACK POLLACK ISAAC & DE CICCO |
| NOTICE DATE<br>November 17, 2006 | PAGE<br>1 of 1 | BENEFICIARY    A099 990 914<br>LEE, JINYOUNG |

| | |
|---|---|
| POLLACK POLLACK ISAAC & DE CICCO<br>C/O CONRAD E POLLACK PARTNER<br>225 BROADWAY 307<br>NEW YORK NY 10007 | Notice Type:    Approval Notice<br>Section: Mem of Profession w/Adv Deg,or<br>of Exceptn'l Ability<br>Sec.203(b)(2) |

The above petition has been approved.  The person this petition is for will be notified separately when a decision is reached on his or her pending adjustment of status application.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
**Customer Service Telephone: (800) 375-5283**



Form I-797 (Rev. 01/31/05) N



 U.S. Citizenship and Immigration Services

Home   Contact Us   Site Map   FAQ

Search 
Advanced Search

Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resources    Press Room

---

[ Print This Page ]   [ Back ]

# U.S. Citizenship and Immigration Services
## Texas Service Center Processing Dates
## Posted January 15, 2008

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

---

Service Center Processing Dates for **Texas Service Center** Posted January 15, 2008

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|------|-------|-----------------------------------|---------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | July 19, 2007 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | October 17, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | November 16, 2007 |

| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | December 31, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | December 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | December 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | November 16, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | November 16, 2007 |
| I-131 | Application for Travel Document | All other applicants for advance parole | October 17, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | June 21, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | June 21, 2007 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | July 10, 2007 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | May 24, 2007 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | June 05, 2007 |
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | August 01, 2007 |
|  | Application to Extend/Change |  |  |

| I-539 | Nonimmigrant Status | Change of status to H or L dependents | May 30, 2007 |
|-------|---------------------|---------------------------------------|--------------|
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | May 30, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | May 30, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | May 30, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | May 30, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | May 30, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | May 30, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | May 30, 2007 |
| I-730 | Refugee/Asylee Relative Petition | Petition for accompanying family members of a refugee or an asylee | February 23, 2007 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | April 19, 2007 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | October 30, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | December 16, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | October 30, 2007 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | October 30, 2007 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | October 30, 2007 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | October 30, 2007 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | July 19, 2007 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | July 19, 2007 |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) | July 19, 2007 |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) based on PL107-273 | July 19, 2007 |

[ Print This Page ]   [ Back ]

Home   Contact Us   Privacy Policy   Website Policies   NoFEAR   Freedom Of Information Act   FirstGov

**Julia Y. Lee**

| | |
|---|---|
| **From:** | Harder, Kenneth J. [kharder@dunbarharder.com] |
| **Sent:** | Wednesday, October 31, 2007 12:26 PM |
| **To:** | Julia Y. Lee |
| **Subject:** | TSC LIAISON REPLY |

Texas Service Center (TSC)

Form Type
Information

Petitioner/Principal
& Beneficiary/Derivatives
Information

AILA Member
G-28 Attorney
Information

Additional Case
Information

Record Number:
5251-2007285

Form Type:
I-485: Other adjustment

Form Type Other:
Receipt Date: 10/2/2006
I-824: I-140
I-824 Receipt: SRC0700352679

Beneficiary A:
Name: Jinyoung Lee
A Number: 099 990 914
Receipt Number: SRC0700352695
Date of Birth: 9/22/1978

I am the G-28 Attorney? Yes
Member No.: 2185

Name: Conrad Pollack
E-mail: jyl@ppid.com
Phone: 212-233-8100

1

Fax: 212-233-9238
Firm: Pollack, Pollack, Isaac & DeCicco


Is I-485 Current? Yes
I-485 Receipt: SRC0700352695

Priority Date: 7/11/2006
Priority Classification: EB-2
Priority Country: South Korea



NCSC

Date contacted:

Action received?

Description:

NCSC – A

9/13/2007

Yes

Case still pending, no update was made since receipt of case and no RFE sent

NCSC – B

10/11/2007

Yes

No case status inquiry request could be found on case. No updates.

Problem:
> Case is several months outside the processing time, and has been
pending with no further notice from the CIS for over 1 year.
Committee Comments:
>
Government Comments:  Pending due to the FBI name check.
>
Record Number:5251-2007285



Sincerely,
Kenneth J. Harder

----------------------------------------------------------

Kenneth J. Harder
Dunbar Harder, PLLC
One Riverway, Suite 1850
Houston, Texas 77056
713/782-4646
713/782-5544 (fax)
kharder@dunbarharder.com <mailto:kharder@dunbarharder.com>

This electronic message is a privileged and confidential attorney-client communication and is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and return the communication to us at the above address.





U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

November 16, 2007

MR. JINYOUNG LEE
APARTMENT 620
410 WEST 53RD STREET
NEW YORK, NY 10019

Request No.: 1099675- 000
Subject: LEE, JINYOUNG

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

Enclosure